18-2088-cv
LG Capital Funding, LLC v. Protext Pharma, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand nineteen.

PRESENT: GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges,*
BRIAN M. COGAN,[*]
*District Judge.*

-----------------------------------------------------------------

LG CAPITAL FUNDING, LLC,

*Plaintiff-Appellant,*

v.                                No. 18-2088-cv

PROTEXT PHARMA, INC.,

---

[*] Judge Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

FKA PROTEXT MOBILITY, INC.,

          *Defendant-Appellee.*

---------------------------------------------------------------

FOR APPELLANT:                  KEVIN KEHRLI, Garson, Segal, Steinmetz, Fladgate LLP, New York, NY.

FOR APPELLEE:                  BRYAN A. MCKENNA, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Denise L. Cote, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

LG Capital Funding, LLC (LG Capital) appeals from a judgment of the District Court (Cote, J.) awarding it limited attorney's fees. LG Capital's request for attorney's fees originates from a breach-of-contract suit it brought against Protext Pharma, Inc. (Protext). LG Capital alleged that Protext failed to (1) honor LG Capital's November 2014 notice requesting the conversion of a portion of the principal and accrued interest owed to LG Capital pursuant to a contract into shares of Protext's common stock (the Notice Claim), and (2) repay the principal and accrued interest on three notes issued by Protext to LG Capital (the

2

Notes Claim). The District Court held that (1) LG Capital could not recover on the Notice Claim because LG Capital failed to effectuate a proper Notice of Conversion, and (2) LG Capital's entitlement to repayment of the principal and accrued interest on the Notes Claim was undisputed. Applying New York law (which the parties do not dispute applies), the District Court awarded LG Capital attorney's fees limited to the Notes Claim. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

LG Capital contends that the District Court should have awarded it attorney's fees for the entirety of the litigation because it was the prevailing party. But even if LG Capital's success on the Notes Claim rendered it the prevailing party, LG Capital concedes that it cannot recover attorney's fees for the unsuccessful Notice Claim if the Notes and Notice Claims were unrelated.

As the District Court suggested, the two claims were not related. Without the Notice Claim, no further litigation would have been required after the initial pretrial conference on July 21, 2017, when, it is not disputed, Protext conceded that LG Capital was entitled to full relief under the Notes Claim. In addition,

3

the Notice Claim turned on the construction of a specific contractual provision and evidence demonstrating the parties' course of conduct, neither of which was relevant to the determination of the Notes Claim.   The two claims therefore did not share "related legal theories" or "a common core of facts" beyond the underlying agreement.   Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).   So we agree with the District Court that LG Capital may recover only those attorney's fees associated with the Notes Claim.   The District Court did not abuse its discretion in (1) concluding that, but for the Notice Claim, no further litigation would have been required after July 21, 2017 and, on that basis, (2) declining to award attorney's fees beyond the initial pretrial conference.   See Carco Grp., Inc. v. Maconachy, 718 F.3d 72, 79 (2d Cir. 2013).

We have considered LG Capital's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4